# RESOLUTION OF THE TOWN OF HAVERSTRAW PLANNING BOARD
## Negative Declaration

Application of K'hal Bnei Torah of Mount Ivy
62 Riverglen Drive, Thiells, New York
Tax Lot No. 25.12-1-31
R-25 zoning district



WHEREAS, the Applicant, K'hal Bnei Torah of Mount Ivy, has submitted a site plan application to the Town of Haverstraw Planning Board to convert and expand an existing single-family home to a house of worship, which use is permitted in the R-25 zoning district subject to the requirements of the Zoning Code, and make other related improvements including a parking lot and retaining walls (the "Proposed Project"); and

WHEREAS, the Applicant submitted a Full Environmental Assessment Form, Part 1 pursuant to the State Environmental Quality Review Act ("SEQRA"); and

WHEREAS, at its January 12, 2022 meeting, the Planning Board declared itself lead agency and adopted the EAF, Part 2; and

WHEREAS, the federal Religious Land Use and Institutionalized Persons Act ("RLUIPA") "prohibits a governmental entity from applying a land use regulation 'in a manner that imposes a substantial burden on the religious exercise of a person or institution,'" which applies to SEQRA as well, and "courts have held zoning ordinances, or zoning decisions, that significantly lessen the prospect of a religious institution being able to use the property to further its religious mission contravene RLUIPA;" and

WHEREAS, under longstanding State law, educational and religious uses "have enjoyed special treatment with respect to residential zoning ordinances and have been permitted to expand into neighborhoods where nonconforming uses would otherwise not have been allowed" and "greater flexibility is required in evaluating an application for a religious use than an application for another use and every effort to accommodate the religious use must be made;" and

NOW THEREFORE,

BE IT RESOLVED, the Planning Board hereby adopts the SEQRA Negative Declaration dated June 8, 2022 determining the proposed project does not have the potential for any significant adverse environmental impacts.

Dated: June 8, 2022

*Salvatore Corallo*
Chairman Corallo

In Favor: 4
Opposed: 1
Abstain: 0
Absent: 0

**EXHIBIT 4**

STATE ENVIRONMENTAL QUALITY REVIEW

NEGATIVE DECLARATION

Notice of Determination of Non-Significance

**Project Name:** 62 Riverglen Schul

**Date:** June 8, 2022

**Lead Agency:** **Planning Board**
Town of Haverstraw
One Rosman Road
Garnerville, NY 10923

**Prepared by:** **Michael D. Kauker, PP, AICP**
Kauker & Kauker. LLC
356 Franklin Ave.
Wyckoff, NJ 07481
(201) 847-2900

This notice has been prepared in accordance with Article 8 (State Environmental Quality Review Act) of the New York State Environmental Conservation Law.

The Planning Board of the Town of Haverstraw, as lead agency, has determined that the proposed action described below will not have a significant effect on the environment and a Draft Environmental Impact Statement will not be prepared.

**Name of Action:** 62 Riverglen Schul

**SEQR Status:** Unlisted Action

**Conditioned Negative Declaration:** No

**Description:** The applicant, 62 Riverglen Schul, has submitted a site plan application to the Town of Haverstraw Planning Board to construct an addition to an existing single-family home and convert the entire use to a House of Worship with an associate parking lot which will accommodate 27 parking spaces.

**Location:** The subject property is located on the west side of Riverglen Drive between Dawson Road to the north and Dunnigan Drive to the south. The property is located within the towns R-25 Low-Density Residence District, Town of Haverstraw, Rockland County, New York.

**Reasons Supporting This Determination:**

The proposed development of the site is not anticipated to result in any adverse environmental impacts for the following reasons.

1. The applicant has shown in the SEQRA EAF Part III that the potential environmental impacts associated with the development of this site can be reasonably mitigated through appropriate development techniques, architectural building design, and proper drainage and erosion control measures, as further articulated below.

2. In addressing the potential visual impacts, the applicant indicates that the addition to the existing dwelling to accommodate the proposed house of worship would be limited to the rear portion of the existing dwelling and therefore from a visual perspective would be consistent with the existing established character of the surrounding area as the residential design of the dwelling will remain. The SEQRA Part 3 states, "The mitigation for proposed impacts with respect to the architectural scale include siting the addition in the rear of the house, maintaining the existing front residential style façade, and screening the parking area with fences and landscaping plantings."

3. In addition, the applicant will work with the Architectural Review Board (ARB) to ensure that the addition will be in harmony with the character of the existing residential neighborhood in which the property is located. The proposed facades will be articulated in a manner that limits visual impacts on neighboring properties, especially the adjacent neighbor to the north as that is the closest residence to the proposed addition. The applicant indicates in a letter from Ira M. Emanuel, Esq. to the Town of Haverstraw Planning Board dated April 5, 2022, that "No portion of the front façade is intended to be changed. Thus, the front view of the structure will continue in its current condition,…" Therefore, the proposed addition will not be visible from the street.

4. Although the applicant would require a variance for the proposed number of parking spaces, the applicant contends that because of the type of religious use that congregants are prohibited from driving during certain times of the week, which would reduce the demand for parking during the most heavily attended times. In addition, certain areas of the house of worship will not be used simultaneously, which will also reduce the parking demand.

5. The Town Board has retained a Traffic Expert to review the proposal and their findings conclude that with limitations on on-street parking along Riverglen Drive that any potential impacts that may result from the overflow of traffic if there are any could be reasonably mitigated.

6. To the greatest extent possible the disturbance to the conservation easement will be limited. Although there is encroachment to a portion of the conservation easement it is limited to the parking area and proposed retaining walls and not the building addition itself. In addition, the encroachment to the conservation easement is primarily in the side yard conservation easement. Both the rear yard and side yard conservation easements were established at the time the original subdivision was approved for this development and at the time there was no development to the south of this property. The intent of the conservation easement was to protect and preserve the undeveloped and park land adjacent to the development. Subsequently development has occurred to the south of this property which negates the need for the conservation easement located in the side yard and to the south as the purpose was to preserve and protect the adjacent open space. The conservation easement located in the rear yard which is adjacent to undeveloped heavily wooded lands and park land would be preserved and there would be no impact on this area.

7. The applicant has provided a drainage plan and calculations prepared by Brooker Engineering, PLLC dated April 2021, which addresses the stormwater impacts resulting from the proposed development of the site and provide for a zero-net increase in stormwater runoff from the site through the installation of a stormwater detention facility.

8. Furthermore, the proposed action would not result in any of the following:

   a) A substantial adverse change in existing air quality, ground or surface water quality or quantity, traffic or noise levels; a substantial increase in solid waste production; a substantial increase in potential for erosion, flooding, leaching or drainage problems;

   b) The removal or destruction of large quantities of vegetation or fauna; substantial interference with the movement of any resident or migratory fish or wildlife species; impacts on a significant habitat area; substantial adverse impacts on a threatened or endangered species of animal or plant, or the habitat of such a species; or other significant adverse impacts to natural resources;

   c) The impairment of the environmental characteristics of a critical environmental area as designated pursuant to section 617.14(g) of this Part;

   d) The creation of a material conflict with a community's current plans or goals as officially approved or adopted;

   e) The impairment of the character or quality of important historical, archeological, architectural, or aesthetic resources or of existing community or neighborhood character;

   f) A major change in the use of either the quantity or type of energy;

   g) The creation of a hazard to human health;